IN THE UNITED STATES DISTRICT COURT
FORTHE NORTHERN DISTRICT OF WEST VIRGINIA
Elkins

**RICHARD ALLEN SMITH, JR.,**

    Petitioner,

v.                                  **Crim. Action No.   2:00-CR-7-1**
                                      **Civil Action No.   2:19-CV-47**

**USA,**

    Respondent.

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On November 12, 2019, Richard Allen Smith, Jr. ("petitioner"), proceeding *pro se*, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action Number 2:19-CV-47 ECF No. 1; Criminal Action Number 2:00-CR-7-1 ECF No. 1563].[1] On February 6, 2020, respondent filed a response in opposition to the Motion. [ECF No. 1572]. The matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2. For the reasons stated below, the undersigned recommends that the District Judge deny and dismiss petitioner's motion.

### II.   PROCEDURAL HISTORY

On May 11, 2001, following a jury trial, petitioner was found guilty of conspiracy to possess with intent to distribute cocaine base (Count One); two counts of being a felon in possession of a firearm (Counts Five and Forty-Four); two counts of aiding and abetting

---

[1] From this point forward, all document numbers refer to petitioner's criminal action.

the use, carry, brandish a firearm in relation to a drug trafficking offense (Counts Thirty-Nine and Forty-Six); two counts of distribution of crack cocaine (Counts Forty and Forty-One); and aiding and abetting assaulting, resisting, and impeding an officer (Count Forty-Five).

On March 14, 2002, petitioner was sentenced to a total term of 646 months: 262 as to Counts 1, 40, and 41; 120 months as to Counts 5 and 44; 36 months as to Count 45, with all three of those terms to be served concurrently, plus 84 months as to Count 39, to be served consecutive to all counts; and 300 months as to Count 46, to be served consecutive to all counts.

On November 3, 2009, the Court reduced petitioner's sentence pursuant to Section 1B1.1 of the United States Sentencing Guidelines. *See* [ECF No. 1244]. The change was a result of the 2007 crack cocaine amendments, which were made retroactive by the Sentencing Commission on December 11, 2007, and affected the base offense level for petitioner's crack distribution offenses, Counts 1, 40, and 41. Petitioner had previously received a 262-month sentence for these counts; under the amended Guidelines, Judge Stamp found that the new Guideline Range was 210 to 262 months. However, Count 1 had a 240-month mandatory minimum. Accordingly, the Order set the term of imprisonment for these Counts at 240 months on Count 1 and 210 months on Counts 40 and 41, all concurrent with each other. The result was that petitioner's new total effective sentence was 624 months.

On May 23, 2019, the Court again reduced petitioner's sentence, this time pursuant to the First Step Act of 2018. Petitioner, through counsel, sought an amended judgment reducing his total sentence by 120 months, to which the United States did not

2

object. Petitioner was therefore sentenced to 120 months for Counts One, Forty, and Forty-One; 120 months as to Counts Five and Forty-Four; 36 months as to Count Forty-Five (all to run concurrent with each other); 84 months as to Count Thirty-Nine (to be served consecutively to all other counts); and 300 months as to Count Forty-Six (to be served consecutive to all other counts). The result was that petitioner's total effective sentence was reduced to 504 months. According to the Bureau of Prison's ("BOP")'s webite, petitioner's projected release date, via good conduct time, is April 9, 2036.

In the instant petition, petitioner raises a single ground: he contends that under the First Step Act, 18 U.S.C. § 924(c) offenses cannot be "stacked" until a prior conviction becomes final. [ECF No. 1563 at 5]. In its response, the Government argues that the First Step Act has no application to petitioner's 924(c) convictions. Specifically, the Government argues that, although the First Step Act amended 18 U.S.C. § 924(c)(1)(C), the changes are not retroactive except to offenses committed before the date of the enactment of the Act but in which a sentence had not yet been imposed. [ECF No. 1572 at 2]. In his reply, petitioner argues that the First Step Act merely "clarified" the function of stacking in § 924(c) offenses, and that he is therefore entitled to relief.

### III. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a prisoner may file a motion challenging the sentence imposed by a federal court, "if (1) the sentence violates the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum; or (4) the sentence 'is otherwise subject to collateral attack.'" **Beyle v. United States**, 269 F. Supp. 3d 716, 725 (E.D. Va. 2017) (quoting 28 U.S.C. § 2255(a)). "A sentence is 'otherwise subject to collateral attack,' if a

petitioner shows that the proceedings suffered from 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id*. (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)). "A petitioner bears the burden of proving one of those grounds by a preponderance of the evidence." *Id*. (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)). "If he satisfies that burden, the court may vacate, set aside, or correct the sentence." *Id*. (citing 28 U.S.C. § 2255(b)). "However, if the motion, when viewed against the record, shows that the petitioner is entitled to no relief, the court may summarily deny the motion." *Id*. (citing *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970)).

### IV. ANALYSIS

There is a one-year statute of limitations for filing a motion under § 2255, which provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). When a prisoner does not file a notice of appeal, the judgment becomes final when the time for seeking such review expires. *Clay v. United States*, 537 U.S. 522 (2003). Here, although petitioner was originally sentenced in March of 2002,

4

that sentence was superseded by the Amended Judgment entered May 30, 2019. The Judgment became final fourteen days later on June 13, 2019. See Fed.R.App.P. 4(b)(1)(A)(i). Accordingly, the petition, filed November 12, 2019, was timely filed.

Upon review of the petition, the undersigned concludes that the amendments to 18 U.S.C. § 924(c)(1)(C) do not apply to petitioner's case and the petition should be dismissed.

The First Step Act, enacted on December 21, 2018, made a number of changes to sentencing calculations and mandatory minimums. As relevant to the instant petition, the Act ended the practice known as "stacking" of § 924(c) convictions. As summarized by the Fourth Circuit,

> [Section 924(c)] imposes mandatory minimum sentences for using or carrying a firearm in connection with a crime of violence: for a first offense, a five- to ten-year mandatory minimum, depending on the circumstances; and for a subsequent conviction, a consecutive 25-year mandatory minimum. Prior to the First Step Act, a conviction was treated as "second or subsequent," triggering the 25-year minimum sentence, even if the first § 924(c) conviction was obtained in the same case. See **Deal v. United States**, 508 U.S. 129, 132, 113 S.Ct. 1993, 124 L.Ed.2d 44 (1993). The First Step Act ended this practice, known as sentence "stacking," by clarifying that the 25-year mandatory minimum applies only when a prior § 924(c) conviction arises from a separate case and already "has become final." § 403(a), 132 Stat. at 5222.

**United States v. McCoy**, 981 F.3d 271, 275 (4th Cir. 2020). However, it is clear the change does not apply to petitioner's case. Under the plain language of the First Step Act, the change to § 924(c)(1)(C) "stacking" does not apply to cases where a sentence has already been imposed:

> (b) APPLICABILITY TO PENDING CASES.—This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment.

5

FIRST STEP ACT OF 2018, Pub. L. No. 115-391, December 21, 2018, 132 Stat 5194. *See also* ***United States v. McCoy***, 981 F.3d 271, 275 (4th Cir. 2020) ("that change does not apply retroactively to sentences – like the defendants' – imposed before December 21, 2018, when the First Step Act became law."). Further, the undersigned notes that the district judge found the same in ruling on petitioner's Motions for Compassionate Release. [ECF No. 1611 at 15]. Accordingly, because the First Step Act's change to § 924(c)(1)(C) "stacking" does not apply to defendant's sentence, the undersigned recommends that the petition be denied.

## V.  *PRO SE* MOTION FOR RETURN OF MONEY

Finally, the undersigned notes that there is also a letter, filed as a Motion for Clarification and Return of Money [ECF No. 1601], pending before this Court. Although sent to the Court, the letter appears to be addressed to the US Attorney's Office and seeks information on debt encumbrances; petitioner states that two stimulus checks were taken "by your office" in a manner he contends is not in line with the PLRA. Because it appears that petitioner intended to communicate with the US Attorney's Office and not to request action from the Court, the Motion [**ECF No. 1601**] should be **DENIED AS MOOT**.

## VI.  RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [**Civil Action Number 2:19-CV-47 ECF No. 1; Criminal Action Number 2:00-CR-7-1 ECF No. 1563**] be **DENIED** and **DISMISSED with prejudice** and that petitioner's Motion for Clarification and Return of Money [**ECF No. 1601**] be **DENIED AS MOOT**.

Within fourteen days after service of this Report and Recommendation, the petitioner may file with the Clerk of this Court**, specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection**.  A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave  to exceed the page  limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the  petitioner by certified mail, return receipt requested, to his last known address as shown on the docket  sheet. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED**:  February 23, 2023.

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE