IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

       Plaintiff,

   v.                            CRIMINAL NO. 2:00-CR-7-1

RICHARD ALLEN SMITH, JR.,

       Defendant.

_____

RICHARD ALLEN SMITH, JR.,

       Petitioner,

   v.                            CIVIL NO. 2:19-CV-47

UNITED STATES OF AMERICA,

       Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING AND
DISMISSING 28 U.S.C. § 2255 PETITION WITH PREJUDICE**

    On November 12, 2019, the pro se Petitioner, Richard A. Smith, Jr. ("Petitioner"), filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. See ECF No. 1563 in 2:00-CR-7-1; ECF No. 1 in 2:19-CV-47. Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred the action to United States Magistrate Judge Michael J. Aloi (the "Magistrate Judge") for review. On February 23, 2023, the Magistrate Judge entered a Report and Recommendation ("R&R"), recommending that the Court deny and dismiss the petition with

SMITH V. USA                                        2:00-CR-7-1, 2:19-CV-47

ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING AND
DISMISSING 28 U.S.C. § 2255 PETITION WITH PREJUDICE

prejudice.  See ECF No. 1620 in 2:00-CR-7-1; ECF No. 3 in 2:19-CV-47.  The R&R also recommended that the Court deny as moot Petitioner's pro se motion for return of money.

The R&R informed the parties that they had fourteen (14) days from the date of service of the R&R to file "specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection."  It further warned them that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals."  Plaintiff accepted service of the R&R on February 27, 2023.  He filed objections to the R&R on March 3, 2023.  See ECF No. 1622 in 2:00-CR-7-1.  Petitioner also requested expedited disposition of his petition.  See ECF No. 1623 in 2:00-CR-7-1.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made.  28 U.S.C. § 636(b)(1)(C).  Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections.  Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)).  Courts will uphold portions of a recommendation to which no objection has been

SMITH V. USA                           2:00-CR-7-1, 2:19-CV-47

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING AND
DISMISSING 28 U.S.C. § 2255 PETITION WITH PREJUDICE**

made unless they are clearly erroneous.  See Diamond v. Colonial

Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Petitioner only objected to one portion of the R&R: the

finding that 18 U.S.C. § 924(c) has been "amended."  Petitioner

argues that the First Step Act imposed a "clarification" rather

than an amendment.  The Court reviews this specific objection de

novo and finds that it has no merit.  In the First Step Act,

Congress ended the practice known as "stacking" of § 924(c)

convictions:

> [Section 924(c)] imposes mandatory minimum
> sentences for using or carrying a firearm in
> connection with a crime of violence: for a
> first offense, a five- to ten-year mandatory
> minimum, depending on the circumstances; and
> for a subsequent conviction, a consecutive 25-
> year mandatory minimum.  Prior to the First
> Step Act, a conviction was treated as "second
> or subsequent," triggering the 25-year minimum
> sentence, even if the first § 924(c)
> conviction was obtained in the same case.  See
> Deal v. United States, 508 U.S. 129, 132, 113
> S.Ct. 1993, 124 L.Ed.2d 44 (1993).  The First
> Step Act ended this practice, known as
> sentence "stacking," by clarifying that the
> 25-year mandatory minimum applies only when a
> prior § 924(c) conviction arises from a
> separate case and already "has become final."
> § 403(a), 132 Stat. at 5222.

United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020).

However, as the R&R correctly points out, this change did not apply

retroactively to cases in which a sentence had previously been

imposed:

SMITH V. USA                                    2:00-CR-7-1, 2:19-CV-47

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING AND
DISMISSING 28 U.S.C. § 2255 PETITION WITH PREJUDICE**

> (b) APPLICABILITY TO PENDING CASES. — This
> section, and the amendments made by this
> section, shall apply to any offense that was
> committed before the date of enactment of this
> Act, if a sentence for the offense has not
> been imposed as of such date of enactment.

First Step Act of 2018, Pub. L. No. 115-391, December 21, 2018,

132 Stat 5194, 5222. This has been recognized by the United States

Court of Appeals for the Fourth Circuit. McCoy, 981 F.3d at 275

("[T]hat change does not apply retroactively to sentences — like

the defendants' — imposed before December 21, 2018, when the First

Step Act became law."). A change was implemented, and it does not

apply to Petitioner's case. As such, Petitioner's objection is

**OVERRULED**.

    Because Petitioner has not objected to the remainder of the

R&R, the Court is under no obligation to conduct a de novo review

of it. Accordingly, the Court reviewed the remainder of the R&R

for clear error. Upon careful review, and finding no clear error

in the remaining portions, the Court **ADOPTS** the R&R [ECF No. 1620

in 2:00-CR-7-1; ECF No. 3 in 2:19-CV-47]. The petition is **DENIED**

and **DISMISSED WITH PREJUDICE** [ECF No. 1563 in 2:00-CR-7-1; ECF No.

1 in 2:19-CV-47]. Petitioner's pro se motion for return of money

is **DENIED AS MOOT** [ECF No. 1601 in 2:00-CR-7-1]. Petitioner's pro

se motion for expedited disposition is **DENIED AS MOOT** [ECF No.

1623 in 2:00-CR-7-1]. Case No. 2:19-CV-47 shall be **STRICKEN** from

**SMITH V. USA**                                          **2:00-CR-7-1, 2:19-CV-47**

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING AND
DISMISSING 28 U.S.C. § 2255 PETITION WITH PREJUDICE**

the Court's active docket.

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If the Court denies the certificate, "a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Id. The Court finds it inappropriate to issue a certificate of appealability in this matter because Petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). The Court, therefore, **DENIES** issuing a certificate of appealability.

It is so **ORDERED.**

The Clerk is directed to enter a separate judgment order in favor of the United States in Civil Action Number 2:19-CV-47; to transmit a copy of this Order to Petitioner via certified mail, return receipt requested; to transmit a copy of this Order to counsel of record by electronic means; and to strike Civil Action Number 2:19-CV-47 from the Court's active docket.

DATED: March 7, 2023

THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA